IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KATIE THOMPSON, | ) | 8:10CV240 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN AULT, WILLIAM SPERFSLAGE, DEB NICHOLS, PAUL GAGER, and RON MOWER, | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on June 24, 2010. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint on June 24, 2010, against Iowa State Penitentiary Officials John Ault ("Ault"), William Sperfslage ("Sperfslage"), Deb Nichols ("Nichols"), Paul Gager ("Gager"), and Ron Mower ("Mower"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a resident of Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendants have violated her First Amendment rights by restricting her communication with her father, Eric Thompson, who is incarcerated at the Iowa State Penitentiary. (*Id.* at CM/ECF pp. 3-4.) Plaintiff alleges that she began working as a sub-contracted buyer for Bracket Auto Brokers in March 2009 and, in that capacity, she relied on her father to advise her concerning "the [a]uto [b]usiness, vehicles, [and] his opinion of values [of] said vehicles." Plaintiff sought her father's advice because she had no prior experience

working in the automobile industry and because her father was a successful automobile wholesaler prior to his incarceration. (*Id.* at CM/ECF p. 4.) Plaintiff states that she received daily advice from her father through telephone conversations and written correspondence. (*Id.* at CM/ECF p. 3.)

On December 19, 2009, Defendants began disciplining Plaintiff's father for violating an institutional policy that restricts prisoners from entering into contract agreements and engaging in business. (*Id.*) Specifically, Plaintiff alleges that (1) Ault, Sperfslage, Nichols, Gager, and Mower blocked "all telephonic communications and written correspondence between [P]laintiff and [Plaintiff's father] if the subject matter of vehicles was present," (2) Gager advised Plaintiff's father that he could not give Plaintiff advice if she would profit from that advice, and (3) Sperfslage instructed prison mail staff to stop all incoming and outgoing correspondence pertaining to automobiles. (*Id.* at CM/ECF p. 10.)

Plaintiff claims that Defendants' actions have denied her the ability to profit from her father's experience in the automobile wholesale business and have caused the demise of her newfound career. (*Id.*) Plaintiff seeks injunctive relief and monetary damages. (*Id.* at CM/ECF pp. 10-12.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

<␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁␁

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *See Abramson v. Am. Online, Inc.*, 393 F. Supp. 2d 438, 443 (N.D. Tex. 2005); *see also Dejohn v. TV Corp. Int'l*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003); *Standing Stone Media, Inc. v. Indianacountrytoday.com*, 193 F. Supp. 2d 528, 536 (N.D.N.Y. 2002).

Venue is generally governed by 28 U.S.C. § 1391, which provides, in pertinent part, that:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all

   defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

  Here, Plaintiff alleges that this court has federal question jurisdiction over her Complaint, but she does not discuss venue. (Filing No. 1 at CMECF p. 8.) From the face of the Complaint, it is clear that the District of Nebraska is not a proper venue for Plaintiff's Complaint. Defendants are all employees of the Iowa State Penitentiary. (*Id.* at CM/ECF p. 1.) Moreover, the events giving rise to Plaintiff's claims occurred in Iowa. (*Id.* at CM/ECF pp. 3-70.)

  Because the court has concluded that venue is improper, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). As discussed above, the individual Defendants in this matter are employees of the Iowa State Penitentiary, which is located in Fort Madison, Iowa.[1] (Filing No. 1 at CM/ECF p. 1.) In addition, the events giving rise to Plaintiff's claims occurred in Fort Madison, Iowa. (*Id.* at CM/ECF pp. 3-70.) Thus, the court concludes that the Southern District of Iowa is an appropriate venue. In the interests of justice, and in light of Plaintiff's pro se status, the court elects to transfer this case to the United States District Court for the Southern District of Iowa.

  IT IS THEREFORE ORDERED that:

---

[1] Plaintiff alleges that her father is incarcerated at the Iowa State Penitentiary in Fort Madison, Iowa. (Filing No. 1 at CM/ECF p. 3.) Fort Madison, Iowa, is located in the Southern District of Iowa.

4

1. The District of Nebraska is an improper venue for Plaintiff's Complaint. However, in the interests of justice, and in light of Plaintiff's pro se status, the court will transfer this case to the Southern District of Iowa, a proper venue.

2. The Clerk of the court is directed to transfer this matter to the United States District Court for the Southern District of Iowa in accordance with this Memorandum and Order.

3. The Clerk of court shall close and terminate this case in the District of Nebraska.

4. For the reasons discussed in this Memorandum and Order, Plaintiff's Motion for Status (filing no. 9) is denied as moot.

DATED this 17th day of September, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.